### PRATT v. LLOYD et al.[1]

(Circuit Court, E. D. Pennsylvania. November 8, 1889.)

#### No. 1.

1. PATENTS—REISSUE—ENLARGING OR NARROWING CLAIM.
   A reissue is not invalid for enlargement of specifications and claims, where the specifications contain merely a fuller statement of the ideas originally expressed, and the claims contain nothing which is not expressed or plainly implied in the original; nor for narrowing a claim, where what is omitted from the original is plainly implied, the device being incomplete without it.

2. SAME—INFRINGEMENT.
   The Pratt reissue patent No. 7,795, for improvement in door-hanging devices, held not invalid for anticipation or for unwarranted enlargement of specifications and claims, and infringed.

This was a suit by Elias E. Pratt against Lloyd & Supplee to restrain the defendants from infringing complainant's reissued letters patent No. 7,795, dated July 17, 1887, for improvements in devices for hanging car doors. The complainant is a resident of Massachusetts, and the defendants are residents of Philadelphia. The bill asked the usual decree for an injunction and accounting.

---

[1] See Pratt v. Sencenbaugh, 64 Fed. 779.

The defenses were: First, that the reissue was invalid, because it was not for the same invention as the original patent; second, that by reason of the condition of the prior state of the art complainant's patent was either anticipated, or the invention thereunder claimed does not involve patentable novelty, and for these reasons the patent is void; third, that the defendants have not infringed complainant's patent.

The particular feature of the invention which was involved in the controversy related to claims 2 and 3 of the reissued patent, as follows, viz.: "(2) In a device for hanging the door of a car, the laterally elongated staple or lug, F, constructed and arranged to operate with the trucks, D, and door, G, substantially as set forth and specified. (3) The door, G, lugs, F, trucks, D, and runlet, B, combined and arranged to operate substantially as set forth and specified." The elements recited in these claims are stated by the specification to constitute a door-hanging device, which, in connection with the drawings, is described in the following language: "In the drawing, A represents the side of the car; G, the door; and P, the opening in the car which the door is designed to close. Immediately above this opening there is a runlet, B, attached to the side or body of the car by the screws, x, f. This runlet is provided with inwardly and horizontally projecting flanges or lips, C, C, near its base, forming a track on which the trucks or wheels, D, D, roll or traverse, the door, G, being suspended *by means of the staples or lugs, F, F, which work in a slot or longitudinal opening between the flanges, and rest on the axles, z, z, by which the trucks are connected. The upper ends or loops of the staples are flattened or laterally elongated, as best seen in Fig. 4, having a straight horizontal section from d to p.* * * * The elongated staples or lugs, F, give free play to the wheels, and prevent the parts from cramping or binding in moving the door. *They also materially lessen the friction, the axle, z, rolling on the underside of the lug, F, instead of rotating in a fixed bearing or box, as the door is moved back and forth in opening and closing the same.* * * *" The italics indicate the added specifications in the reissue.

Edward Wilhelm, an expert witness on behalf of the complainant, testified in part as follows: "In comparing the specification and drawing of the Pratt reissue, with the specification and drawing of the original patent, I find that they both describe and illustrate the same devices, combined and arranged to operate in the same manner in both. Both specifications and drawings describe and illustrate a door-hanging device comprising an overhead track composed of two parallel rails separated by an intervening slot or space, trucks which run upon the two rails, and which are each composed of two wheels secured to an axle extending transversely over the slot between the rails, hanger irons which are elongated in the longitudinal direction of the rails, and which rest upon the axles between the wheels, and extend downwardly through the slot between the rails and a door which is attached to the hanger irons below the rails, and is supported by these irons. The description of these devices is the same in both specifications, and, in addition to the description and drawing in the original patent, the description of the reissue is somewhat elaborated, as well as the drawings of the reissue, which latter represent in Figs. 3 and 4 enlarged views of the truck and hanger iron, which are not represented on so large a scale in the original drawing. * * * In comparing the second claim of the reissue with the second claim of the original patent, it appears that the element which is designated as the runlet, B, in the second original claim, is absent in the second reissued claim; but it is very obvious that something which takes the place of this runlet must be present as an implied element of the combination of the second claim, and * * * that includes two rails, of any suitable construction, forming a slot between them, and upon which the wheels of the truck travel; so that, including this implied element, the second reissued claim embraces the same number of elements as the second original claim. The remaining question is, then, only whether the elements themselves in the second reissued claim are the same elements, or substantially the same, which are referred to in the second original claim. There is no question that the door, G, and trucks, D, are the same in both claims. The element called the lugs, F, in the second original claim, is identified in the second reissue claim as the laterally elongated staple or lug, F. The original patent states, with ref-

erence to these lugs, F: 'The elongated staples or lugs, F, give free play to the sheaves, and prevent the parts from cramping or binding in moving the door.' No other staples or lugs are described, and I therefore conclude that the lugs, F, of the second original claim, are elongated staples or lugs, which perform the functions ascribed to them in the specification. With reference to the fourth element of the second original claim, which is designated as the runlet, B, the question is whether the implied element of a double track, with a slot between the rails thereof, the track being suitably supported, is substantially the same device which is designated by the term, 'runlet, B,' in this second claim. * * * It seems to me that, so far as the operation of the other elements of the claim is concerned, this runlet could be replaced with perfect propriety by a runlet which lacks the protective or housing features of the runlet of the patent, and still be a substantial equivalent of the runlet, B. Mr. Hunter (the expert for the defendants) seems to lay too much stress on the protective feature of the runlet, and he seems to lose sight of the fact that the housing of the track, sheaves, etc., is only one of the results which are mentioned in the last paragraph of the specification of the original patent preceding the claims, and he does not at all refer to the other result, which is stated in the same paragraph as follows: 'The elongated staples or lugs, F, give free play to the sheaves, and prevent the parts from cramping or binding in moving the door.' This feature of the patented device is certainly expressed as clearly in the original patent as the protective feature of the runlet."

Geo. W. Hey, for complainant.

Francis T. Chambers, for defendants.

Before McKENNAN, Circuit Judge, and BUTLER, District Judge.

BUTLER, District Judge. An extended discussion of this case is unnecessary.

It is scarcely disputed that the defendants' device infringes the reissued patent. It plainly does infringe.

The defendants' position—that the reissue is void because of anticipation and unjustifiable enlargement of specifications and claims—cannot be adopted.

We do not find anything in the art showing such anticipation.

The reissue we think is fully justified by what appears in the original specifications and drawing and the patent issued thereon. The specifications as well as the drawings plainly exhibit everything embraced. The enlargement of the former is nothing more than a fuller statement of the ideas originally expressed. No additional invention or thought is introduced. The second claim of the reissue, which is objected to, contains nothing which is not expressed or plainly implied in the original patent. On hasty reading the claim may seem to be narrower than the second claim of the original. On careful examination however it appears to be substantially the same as the latter. While the runlet or covered tracks are not expressly named it is plainly implied. The device described would be incomplete without it, or another substantially like it. The analysis and comparison of these claims by Mr. Wilhelm, plaintiff's expert, seems to be accurate, and may be accepted as a fuller expression of the court's views on this subject. We find the second and third claims infringed, and a decree will be entered accordingly.